# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| COURTREL WALKER, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 1:14CV131 SNLJ |
| SHAWN OWENS, et al., | ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

Plaintiff, an inmate in custody of the Missouri Department of Corrections ("MDOC"), brought the instant action pursuant to 42 U.S.C. § 1983 against defendant correctional officers alleging excessive force was used against him while incarcerated at Eastern Reception, Diagnostic, and Correctional Center ("ERDCC"). This Court dismissed two parties against whom no legally cognizable claims were made (#9).

This matter is before the Court on several outstanding motions.

**I.  Motion for Suggestion (#26)**

This document is titled "Plaintiffs' Exhibits in Support of His Motion in Suggestion." The "motion" asks the Court to look at plaintiff's exhibits in support of certain contentions regarding the incident about which plaintiff filed this lawsuit. This appears to be a compilation and summary of evidence that plaintiff believes supports his allegations. Because this document does not seek relief from the Court other than what is described in plaintiff's complaint, the "motion" will be denied.

**II.    Motion for Reconsideration (#30)**

Plaintiff filed a "Motion for Permission to File Written Deposition on the Defendants Named in the Complaint" (#28) on October 2, 2015.  This Court denied the motion because the Court understood that plaintiff sought to file a deposition transcript.  It now appears that the plaintiff seeks to server written deposition questions upon the defendants pursuant to Federal Rule of Civil Procedure 31.  Plaintiff will be granted leave to do so by February 1, 2016.  The discovery deadline will be extended to March 1, 2016.

**III.    Motion to Amend Complaint (#32)**

Plaintiff seeks to add two defendants to this matter, Tessa Kennon and Crystal Duncan.  He states that they were involved in the use of excessive force against him that took place on October 25, 2012.  He states that their names were unavailable to him previously.  His proposed amended complaint states that Kennon stood by and failed to prevent plaintiff from being assaulted and that Duncan pepper sprayed him after the other defendants were finished beating him.  His original complaint, however, omits any reference to witnesses or to any pepper spray incident.

The incident that gave rise to this matter occurred in October 2012.  Plaintiff did not file this case until September 2014.  This Court's Case Management Order states that all motions for joinder of parties or amendment of pleadings shall be filed not later than July 6, 2015.  Yet plaintiff did not file his motion to add these two parties until November 16, 2015, more than three years after the event took place, more than a year after filing the complaint, and months after the deadline by which to add parties.  The Court will deny plaintiff's motion to add defendants to this matter.

## IV. Motion to Compel Discovery (#33)

Plaintiff moves to compel defendants to respond to two discovery requests. The first request was for any and all medical records regarding the alleged October 25, 2012 assault. Plaintiffs state that defendants did not respond, but defendants state they produced medical records.

Plaintiff also seeks to compel production of certain internal MDOC policies, procedures, and investigative files. Defendants contend that these documents present safety and security concerns if disclosed to plaintiff and are considered confidential under RSMo § 217.410. Defendants agreed to make the 86-page investigation report relevant to the October 2012 incident available for plaintiff to review at the prison where he currently resides. Defendants' objections are valid, and the accommodation they have offered plaintiff is acceptable. Plaintiff did not address this accommodation or his ability to access the investigation report in his memoranda.

The motion to compel will be denied.

## V. Motion for Change of Judge (#36)

Plaintiff seeks a change of judge because he states this Court would not rule on his motions and refused to allow him to conduct written depositions. He states his letters to the Clerk of the Court are being ignored. He asks for a change of venue or a change of judge. A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002). When a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" he must recuse himself. 28 U.S.C. § 455(b)(1). "[The issue is framed] as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who

3

knows all the relevant facts of a case.'" *Moran*, 296 at 648 (quoting *In re Kansas Pub. Employees Retirement Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996)). However, "[a]n unfavorable judicial ruling . . . does not raise an inference of bias or require the trial judge's recusal.'" *Id.* (quoting *Harris v. Missouri*, 960 F.2d 738, 740 (8th Cir.1992)).

Plaintiff has presented no valid reason for a change of judge. "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985). The motion will be denied.

**VI.    Motions for Rulings (#39, #40)**

Plaintiffs seeks rulings on his motions to compel discovery and to amend his complaint because more than 30 days had passed since they were filed. The Court will construe these as reply or supplemental memoranda in support of plaintiff's motions. These motions to compel and to amend have now been ruled on, so the motions for rulings are therefore denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Suggestion (#26) is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Reconsideration (#30) is GRANTED, and plaintiff may serve defendants with written deposition questions no later than February 1, 2016.

**IT IS FURTHER ORDERED** that the discovery deadline is extended to March 1, 2016. The dispositive motion deadline is extended to April 1, 2016.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend Complaint (#32) is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel Discovery (#33) is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Change of Judge (#36) is DENIED.

**IT IS FINALLY ORDERED** that plaintiff's Motions for Rulings (#39, #40) are DENIED as moot.

Dated this 6th day of January, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE