UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| COURTREL WALKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:14CV131 SNLJ ) |
| SHAWN OWENS, et al., | ) ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

Plaintiff, an inmate in custody of the Missouri Department of Corrections ("MDOC"), brought the instant action pursuant to 42 U.S.C. § 1983 against defendant correctional officers alleging excessive force was used against him while incarcerated at Eastern Reception, Diagnostic, and Correctional Center ("ERDCC"). Defendants have moved for summary judgment (#51) on May 16, 2016. Although plaintiff has not responded to the motion, the time for doing so has long passed.

**I.   Background**

Defendants Shawn Owens, Jermiah Richardson, and David Shipley were at all relevant times correctional officers at ERDCC. On October 25, 2012, plaintiff, who was then an inmate at ERDCC, was being loud and disruptive during recreation time. Defendant Owens told him to lower his voice and return to his cell. Plaintiff continued his loud and disruptive behavior in his cell. Owens ordered him to cease his loud and disruptive behavior. Plaintiff continued that behavior, however, and Owens gave him a final warning, at which time plaintiff assumed an "aggressive stance." Owens ordered

plaintiff to submit to wrist restraints. Plaintiff refused and then struck Owens in the face with a closed fist. Plaintiff struck Owens a second time. In response to the attack by plaintiff, defendants Owens, defendant Richardson, and nonparty Correctional Officer Tessa McEntire wrestled plaintiff to the ground in an attempt to prevent further assaults and to gain control over the offender. McEntire and nonparty Correctional Officer Christel Duncan sprayed pepper spray at plaintiff's face; Duncan then exited the cell to place a 10-5 call (i.e., officer in need of assistance) over the radio. More correctional officers arrived in response to the call, including defendant Shipley. They were able to gain control of plaintiff and put wrist restraints on him. At that point, defendants were able to see facial injuries plaintiff sustained during the struggle. Defendant Owens and McEntire assisted plaintiff to his feet and escorted him to administrative segregation. At some point during that escort, another nonparty officer took defendant Owens's place, ending Owens's involvement in the incident.

During the escorted walk to administrative segregation, plaintiff continued to resist and struggle, resulting in the officers placing plaintiff on the ground again in order to regain control. In response to the plaintiff's attempt to spit blood on officers during the escort, defendant Shipley struck the plaintiff in the face one time. Plaintiff was assessed by a nurse in administrative segregation and taken to the medical unit.

Plaintiff was criminally charged with battery against a correctional officer and sentenced for his attack on defendant Owens.

Plaintiff filed his complaint on September 18, 2014, claiming his constitutional rights were violated when the defendants used excessive force against him.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to the discussion.

## III. Discussion

As an initial matter, the Court notes that plaintiff did not respond to the motion or to defendants' statement of undisputed facts. Therefore, the Court must deem all of the defendants' facts admitted because plaintiff did not specifically admit or deny defendants' facts. Fed. R. Civ. P. 56(e); Local Rule 7–4.01(E); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Hernandez v. Jarman*, 340 F.3d 617, 622 (8th Cir. 2003).

Plaintiff's claim is that his right to be free from cruel and unusual punishment under the Eighth Amendment was violated by the defendants' acts on October 25, 2012. The "Eighth Amendment bars correctional officers from imposing unnecessary and wanton pain on inmates." *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2006) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "Officers may reasonably use force in a good-faith effort to maintain or restore discipline but may not apply force maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6 (internal quotation omitted); *see also Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).

"The test for reasonableness or good faith application of force depends on 'whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury.'" *Johnson*, 453 F.3d at 1112 (quoting *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002)).

### A. Defendants Owens and Richardson

Defendants Owens and Richardson attempted to subdue plaintiff after he struck defendant Owens twice in the face. They wrestled him to the ground in order to gain control over him and place him in wrist restraints. Although plaintiff was injured during this process, the evidence shows that the physical force used by Owens and Richardson against plaintiff was to defend themselves and assert control over plaintiff. Plaintiff was taken to the ground and put in wrist restraints, then helped back up to his feet. Plaintiff admitted in his deposition that he struck Owens twice in the face with a closed fist. Defendants submit that their use of force in bringing plaintiff to the ground was a good faith effort to defend defendant Owens from further bodily harm. Plaintiff has submitted no evidence to support that either Owens or Richardson were malicious or intended to cause harm, and instead the evidence shows that they applied force in good faith and to restore discipline. *See Hudson*, 503 U.S. at 6. Summary judgment will be granted to defendants Owens and Richardson.

### B. Defendant Shipley

Defendant Shipley arrived at the scene of the incident during the initial struggle, around the time the correctional officers were able to put wrist restraints on plaintiff. Shipley was present while officers escorted plaintiff to administrative segregation, and he observed plaintiff spitting blood at the other correctional officers. According to the incident report, defendant Shipley saw that plaintiff was about to spit again and attempted to shield staff. Defendant Shipley further states that he inadvertently struck plaintiff in the side of his face, which redirected the spit. No further mention of spitting or strikes are mentioned, although plaintiff later had to be put on the ground again to regain control over him.

Here, defendant Shipley maintains that in preventing plaintiff from spitting bodily fluids on correctional officers, he was making a good faith effort to protect defendant fellow officers from the dangerous actions of plaintiff. Looking to the factors set forth in *Johnson*, there was an objective need for force to prevent plaintiff from spitting blood on others, which is a serious threat to the correctional officers' health. *See* 453 F.3d at 1112. The extent of plaintiffs' injuries overall are not clear; however, plaintiff was already injured from the initial incident in which he was subdued. Shipley hit plaintiff only once, and it appears that the hit was inadvertent, as he was trying to shield the others from plaintiff's spit. The Court agrees that the evidence shows Shipley did not inflict pain unnecessarily or wantonly upon plaintiff. Instead, Shipley responded reasonably to the substantial harm posed by plaintiff's actions. *See Whitley*, 475 U.S. 320-21. Summary judgment will be granted to defendant Shipley.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion for Summary Judgment (#51) is GRANTED.

Dated this  7th  day of October, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE